IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SYDONNA PERSAD,

    Plaintiff,                                       Case No.:

v.

MERCANTILE ADJUSTMENT BUREAU, LLC,
a New York Limited Liability Company,

    Defendant.
_____/

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter "FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq* (hereinafter "FCCPA"); these laws prevent debt collectors and "persons" from, *inter alia*, engaging in abusive, deceptive, harassing, and unfair collection practices.

JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337, 1367, and Fla. Stat. § 559.77(1).

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(d), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

PARTIES

4. Plaintiff, SYDONNA PERSAD (hereinafter "Plaintiff"), is a natural person who is domiciled in the county of Hillsborough, state of Florida, and is a "consumer" as that

term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2), and is also a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC (hereinafter "Defendant"), is a limited liability company organized under the laws of the state of New York, with its principal place of business located at 6390 Main Street, Suite 160, Williamsville, New York 14221. In the regular course of its business, the principal purpose of which is the collection of debts, Defendant uses instrumentalities of interstate commerce, and the mails. Further, Defendant received assignment of this debt after Plaintiff had allegedly defaulted to the original creditor. Lastly, Defendant's business activities in Florida involve collecting or attempting to collect consumer debt from debtors located in Florida by means of interstate communication originating from outside of Florida.

### FACTUAL ALLEGATIONS

6. On or about November 21, 2011 Plaintiff received a call from a female representative of Defendant.

7. The caller identified herself as calling from Defendant, Mercantile Adjustment Bureau.

8. The caller asked Plaintiff some identifying questions.

9. After identifying Plaintiff, the caller advised that she was calling Plaintiff in reference to a consumer debt originally owed to Washington Mutual Bank.

10. It is alleged that this debt was incurred for Plaintiff's family, personal, or household purposes.

11. During this conversation the caller advised Plaintiff that a judgment had been entered against Plaintiff.

12. Upon information and belief, no judgment has been entered against Plaintiff in any court of law regarding the underlying debt originally owed to Washington Mutual.

13. Further, upon information and belief, no lawsuit has even been filed against Plaintiff in any court of law regarding the underlying debt originally owed to Washington Mutual.

14. All acts or omissions of the employees/agents of Defendant were performed within the scope of their respective employment/agency with Defendant.

15. Defendant's false representations that a judgment had been entered against Plaintiff were violative of the FDCPA and the FCCPA.

16. As a result of Defendant's false and misleading representations, Plaintiff suffered actual damages in the forms of fear and stress.

<u>CLAIMS FOR RELIEF</u>

-Count I-
<u>Violations of the Federal Fair Debt Collection Practices Act</u>

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 16.

17. The foregoing acts and omissions of Defendant and its employees/agents constitute numerous and several violations of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692d generally, 1692e generally, 1692e(4), 1692e(5), 1692e(10), and 1692f generally.

18. As a result of the above violations of the FDCPA, Plaintiff is entitled to recovery for actual damages, statutory damages, and attorney's fees and costs.

-Count II-
<u>Violations of the Florida Consumer Collection Practices Act</u>

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 16.

19. The foregoing acts and omissions of Defendant and its employees/agents constitute violations of the FCCPA, including, but not limited to, Fla. Stat. §§ 559.72(7) and 559.72(9).

20. As a result of Defendant's violation of the FCCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FDCPA and FCCPA, and recovery for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment against Defendant for the following:

a. Equitable relief in the form of a Declaratory Judgment that Defendant's acts constituted violations of the FDCPA and FCCPA, pursuant to Fla. Stat. § 559.77(2);

b. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat. § 559.77(2);

c. Statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Fla. Stat. § 559.77(2);

d. Punitive damages, pursuant to Fla. Stat. § 559.77(2);

e. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77(2); and

f. Such other and further relief that this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

Respectfully submitted,

/s/ Joseph B. Battaglia
G. Donald Golden, Fla. Bar No.: 0137080

        don@brandonlawyer.com
        Joseph B. Battaglia, Fla. Bar No. 0058199
        joe@brandonlawyer.com
        THE GOLDEN LAW GROUP
        808 Oakfield Drive, Suite A
        Brandon, Florida 33511
        Telephone:  (813) 413-8700
        Facsimile:   (813) 413-8701
        Attorneys for Plaintiff